**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PATRICIA IRENE BOYKE,** : | |
| Appellant : | CIVIL ACTION NO. 3:14-1440 |
| v. : | (JUDGE MANNION) |
| **MOBILITY DISTRIBUTING** : | |
| **INC., <u>et</u> <u>al.</u>,** : | |
| Appellee : | |

**MEMORANDUM**

On June 20, 2014, the appellant, Patricia Irene Boyke, proceeding *pro se*, filed this bankruptcy appeal. Ms. Boyke apparently seeks to appeal a decision of the bankruptcy court denying her motion for reconsideration of an order granting the appellee's motion to modify the automatic stay provisions of 11 U.S.C. §362, which resulted in her real property being sold to a third party at a sheriff's sale on June 19, 2014. By way of the instant appeal, Ms. Boyke is seeking to get her property back.

The appellee, Mobility Distributing, Inc., ("Mobility"), seeks to have the instant appeal dismissed as moot. In support of its position, Mobility sets forth the following facts, which are supported by the record. On April 21, 2010, Ms. Boyke filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Pennsylvania. (<u>See</u> Bankruptcy Court Docket No. 5:10-bk-

03319-JJT). On January 27, 2011, Mobility, as assignee of Albert Mertz[1], filed a motion for relief from the automatic stay pursuant to §362. By order dated February 22, 2011, the bankruptcy court granted the Mobility's motion. Ms. Boyke did not seek reconsideration of the bankruptcy court's order or file an appeal therefrom.

On October 4, 2012, the Chapter 13 trustee filed a motion to dismiss the bankruptcy action claiming a material default on the part of Ms. Boyke in that she had fallen into arrears on her payments to the trustee in the amount of $1,061.10. A stipulation was entered into between Ms. Boyke and the trustee regarding the motion to dismiss which was approved by the bankruptcy court on November 8, 2012. Ms. Boyke was given ninety days to cure the arrearages.

On March 4, 2013, the trustee filed a certificate of default in the bankruptcy court indicating, among other things, that Ms. Boyke had failed to cure the arrearages as agreed. On March 5, 2013, the bankruptcy court entered an order dismissing Ms. Boyke's bankruptcy action. On July 2, 2013, Ms. Boyke filed a motion for reconsideration of the bankruptcy court's order dismissing her case. The motion was ultimately denied by order dated

---

[1] Ms. Boyke entered into a promissory note with Mr. Mertz which was secured by the real estate at issue. Ms. Boyke defaulted on the note and Mr. Mertz obtained a judgment against her. The note and mortgage were subsequently assigned to Mobility.

November 5, 2013.

As a result of Mobility having obtained relief from the automatic stay and the subsequent dismissal of Ms. Boyke's bankruptcy action, a foreclosure sale of the real estate at issue was scheduled for February 21, 2014. However, on the day prior to the sale, February 20, 2014, Ms. Boyke filed a second bankruptcy action. (See Bankruptcy Court Docket No. 5:14-bk-00692-JJT).[2] Because this second action was filed within one year of her first being dismissed, the automatic stay of the second action was only effective for thirty days from the date of filing, unless Ms. Boyke filed a motion to extend the stay. In fact, Ms. Boyke filed a motion to extend the thirty-day stay on March 7, 2014. Thereafter, Mobility filed an objection to any extension of the stay. A hearing on the matter was scheduled for April 8, 2014. Ms. Boyke requested and was granted additional time, until May 7, 2014, to seek the assistance of counsel.

On May 7, 2014, the bankruptcy court entered an order denying Ms. Boyke's motion to extend the stay due to her failure to prosecute the motion. Ms. Boyke filed a motion for reconsideration on May 16, 2014, and a hearing was set for June 10, 2014. Pending the hearing, Ms. Boyke did not seek a stay of the order denying her motion to extend the automatic stay.

On June 10, 2014, a hearing on the merits of Ms. Boyke's motion for

---

[2]This second bankruptcy action was dismissed on March 11, 2015, upon motion of the trustee.

reconsideration was held, after which the bankruptcy court entered an order denying the motion. At this time, the court and appellant were advised of Mobility's intention to pursue a foreclosure sale which was scheduled for June 18, 2014.

The foreclosure sale took place on June 18, 2014, by the Sheriff of Schuylkill County, and the property at issue was sold to a third party. The schedule of distribution of the sale proceeds was received by the Schuylkill County Sheriff's Office on the following day.

On June 20, 2014, the appellant filed the instant action, in which she seeks the return of her property. Mobility argues that Ms. Boyke neither sought nor obtained a stay of the bankruptcy court's orders of May 7, 2014, or June 10, 2014, and was not the beneficiary of any stay provided for in the Bankruptcy Code or Bankruptcy Rules. Further, Mobility argues that the real property which Ms. Boyke was seeking to protect was sold at a properly conducted foreclosure sale. In fact, Mobility argues that the sale of the subject property prior to Ms. Boyke filing a notice of appeal renders the instant appeal moot. Since the sale of the property was made to a third party when no stay was in effect, Mobility argues that it is impossible for this court to grant effectual relief to Ms. Boyke and, as such, this appeal should be dismissed as moot.

"The federal courts are under an independent obligation to examine their own jurisdiction . . ." United States v. Hays, 515 U.S. 737, 742 (1995).

"Without jurisdiction the court cannot proceed at all in any cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). In this case, the court must determine whether Ms. Boyke's appeal is moot in light of the foreclosure sale of the property at issue.

Constitutional mootness derives from constitutional limitations on the federal court to adjudicate only actual cases and live controversies. DeFunis v. Odegaard, 416 U.S. 312 (1974). A live case or controversy exists only if the parties have an interest in the outcome of the litigation. Ellis v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Employees, 466 U.S. 435, 442 (1984). But that interest in the outcome of the case dissolves, and an appeal is constitutionally moot, only if it is impossible to grant relief. Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992).

Here, the sale of Ms. Boyke's property has already occurred. As a result, even if this court were to find some basis to reverse the bankruptcy court's order, the court could not grant Ms. Boyke the relief she seeks. See generally In re Najieb, 80 Fed. App'x 734 (3d Cir. 2003) (dismissing the debtor's motion for stay of a sheriff's sale pending the outcome of the bankruptcy appeal where the sale was already completed). Where, as in this case, developments have occurred that prevent the court from being able to grant the requested relief, dismissal of the appeal as moot may be warranted. See generally Krebs Chrysler-Plymouth, Inc. v. Valley Motors, 141 F.3d 490 (3d Cir. 1998) (dismissing the appeal as moot where sale had been closed);

5

In re Cantwell, 639 F.2d 1050 (3d Cir. 1981) (ruling that the propriety of the stay of discharge was moot because the discharge appellants sought to be stayed had been granted). Because this appeal is moot, the court need not reach the merits of appellant's claim. See In re Philadelphia Newspapers, LLC, 690 F.3d 161, 168 (3d Cir. 2012) ("Equitable mootness is a way for an appellate court to avoid deciding the merits of an appeal."); Cf. In re Rickel Home Centers, Inc., 209 F.3d 291, 300 (3d Cir. 2000) (". . . only if we find that this appeal is not moot will we reach the merits of [the] appeal.")

    An appropriate order shall issue.

                          s/ *Malachy E. Mannion*
                          **MALACHY E. MANNION**
                          **United States District Judge**

**Date: March 17, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1440-01.wpd